## Reagan, Chief of Police, on Relation, etc. v. Greenfield, et al.

(Decided January 21, 1919.)

### Appeal from Fayette Circuit Court.

Bail—Forfeited Bail Bond—Action for Proceeds.—The city of Lexington is not entitled to the proceeds of a forfeited bail bond taken for the appearance of a defendant in the police court of that city to answer a warrant issued therefrom charging him with a felony, viz.: "Grand larceny." In such case the Commonwealth of Kentucky is entitled to the proceeds of the forfeited bond and the judgment of the circuit court so holding is affirmed.

JAMES A. WILMORE for appellants.

CHARLES H. MORRIS, Attorney General, and JOHN R. ALLEN for appellees.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

This appeal grew out of the forfeiture in the Lexington police court of a bail bond executed by one H. Green-

field for the appearance in that court of William Phillips to answer a warrant charging him with the crime of grand larceny, a felony defined by section 1194, Kentucky Statutes. Phillips was arrested under the warrant by a police officer March 9, 1918, and on the following day taken before the police court for an examining trial. March 10, the case, upon Phillips' motion, was continued to March 12, the order of continuance admitting him to bail until that time in the sum of $300.00. On the following day Greenfield became his bail by executing in due form a bond in the amount required by the order of the court and Phillips was thereupon released from custody. When the case was called in the police court March 12 for trial, it was, on Phillips' motion, continued to March 16, and the latter, during the interim, allowed to stand on the bail bond. When reached for trial on the latter date Phillips, though called, failed to appear in obedience to the bond, or to respond to the charge of felony contained in the warrant; thereupon, the court entered an order forfeiting the bond and, after endorsing such forfeiture on the bond, at once returned it to the clerk of the Fayette circuit court, in whose office it was duly filed. Following such filing of the bond and endorsement of forfeiture in the office of the clerk of the circuit court, that officer, by a proper order of the circuit court, immediately issued a summons thereon against the bail, Greenfield, requiring him to show cause, if any he had, why judgment in favor of the Commonwealth of Kentucky should not go against him on the bail bond for the amount thereof and costs of the proceedings. Though duly served with the summons, Greenfield made no defense, and judgment was rendered by the circuit court against him in favor of the Commonwealth for the amount due on the bond and costs.

At this juncture the appellant, Jere Reagan, as chief of police of the city of Lexington, and on relation of the city of Lexington, filed an intervening petition setting up claim to the proceeds of the bail bond for the city and praying that it be adjudged entitled thereto. A general demurrer was filed to the petition of Reagan and the city by the Commonwealth, which the circuit court sustained and dismissed the petition. From the judgment entered in conformity to these rulings the defeated parties have appealed.

It will readily be seen that the sole question presented for decision by the appeal is, whether the Commonwealth of Kentucky or the city of Lexington is entitled to the proceeds of the bail bond forfeited in this case. In support of their contention that the city of Lexington is entitled to the amount received on the bond, appellants rely upon sections 3155-3162, Kentucky Statutes, both applicable to cities of the second class, to which Lexington belongs. Section 3155 provides: "All fines and penalties and costs collected in the police court shall be for the use and benefit of the city, and the officer collecting such fines and penalties shall make daily reports of such collections to the treasurer, taking duplicate receipts therefor, one of which shall be delivered to the auditor."

Section 3162 is as follows: "Said court may assess, in addition to fines or imprisonment, any sum in his discretion, not exceeding $3.00, as costs against any defendants when convicted of any offense; for which, if not paid, defendant shall be committed to imprisonment in jail or workhouse, as in case of fines. All fines, costs and forfeitures shall be collected by the chief of police and paid into the city treasury, and a duplicate receipt shall be given therefor, one of which shall be filed with the city auditor." Obviously, these sections do not confer upon the police court of the city of Lexington jurisdiction to try and finally dispose of a case of felony. The powers they confer upon the police court are such as that court may exercise with respect to offenses committed in violation of ordinances of the city and within its corporate limits, or such other offenses as it may have jurisdiction to finally dispose of by its judgments.

The police court of a city of the second class acts in a dual capacity. In the trial of offenses against ordinances of the city, it judicially acts for the city, although the prosecutions or process may run in the name of the Commonwealth for the use and benefit of the city; and in all such cases the fines, forfeitures or costs adjudged or collected unless otherwise provided, go to the city and should be disbursed as provided by the sections, *supra.* But in the trial of certain other cases involving offenses committed against statute or other laws of the Commonwealth, the police court acts in its judicial capacity for the latter alone, and in such cases the fines, penalties, forfeitures and costs adjudged or collected, go to the Commonwealth.

By section 3147, Kentucky Statutes, which like sections 3155-3162, applies to and defines the judicial powers of police courts of cities of the second class, it is provided that the police court cannot finally try or punish a person guilty of a crime, denominated a felony by the laws of the state. As therein declared its only jurisdiction, if the offense be a felony, is to sit and try it as an examining court; that is, it may, if the evidence be such as to furnish reasonable grounds that the person on trial has been guilty of a felony, hold him over to the circuit court for indictment by the grand jury; and if the offense be a bailable one, require of him a bond to appear in that court to answer any indictment that may be found against him.

Where a bail bond taken by the police court in a felony case is forfeited, the proceeds of such bond must be paid to the Commonwealth. Indeed, this is clearly shown by sections 58-94, Criminal Code; section 58 providing for the return of the forfeited bond, with the word "forfeited" endorsed on it, to the clerk of the circuit court of the county; section 94, subsection 1, providing that the court to which the bond is returned shall order summons against the bail and render judgment enforcing the forfeiture; subsection 2, that if the court fail to make the order the attorney for the Commonwealth may, at any time after the term, cause the clerk to issue the summons against the bail. If in a case like the one before us, the city is entitled to the proceeds of the forfeited bond, why should not the forfeiture, as in all offenses against the city ordinances, be enforced by the police court instead of the circuit court? On the other hand, the simple fact that the forfeiture must be enforced by the circuit court, even if there were no other reason to be urged, is, it seems to us, sufficiently persuasive to show the right of the Commonwealth to the proceeds of the forfeited bond.

But there are yet other grounds sustaining the Commonwealth's right to the money. Section 1139, Kentucky Statutes, declares that: "All fines and forfeitures, which may be imposed by law, shall issue and vest in the Commonwealth. Except in cases where, by law, the whole or a part thereof, shall be given to a person or to some particular object, and may be recovered by civil procedure before any judicial tribunal having jurisdiction or upon indictment of a grand jury."

Among the persons evidently referred to in this sec-tion to whom parts of the fines and forfeitures indicated go, are Commonwealth's attorneys and clerks of the circuit courts, who are required by law to render services in aid of the prosecutions in which they are imposed, and all of whom are compensated wholly, or in part, for their services by the Commonwealth out of the fines and for-feitures after they are collected and received by the treasurer of the state.

It will also be found that section 2285, Ky. Stats., re-quires that all fines and forfeitures paid under judg-ments of the circuit courts, without capias or execution, as well as all jury fees, etc., shall be paid directly to the trustee of the jury fund; and section 2286 makes it the duty of the latter to superintend and urge the collection of all fines and forfeitures going to the Commonwealth. The trustee of the jury fund does not receive fines or for-feitures imposed by the police courts or collected by the chief of police for violations of ordinances of a city.

Without further elaboration of the reasons that lead us to the conclusion already expressed, we think the Com-monwealth is clearly entitled to the proceeds of the bond forfeited in this case, and as such was the judgment of the circuit court, it is hereby affirmed.